# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**RICARDO BALAGUES,**

    **Plaintiff,**

    **v.**                                                                     **Case No. 06-2356-JWL**

**CHWC, Inc.,**

    **Defendant.**

_____

## MEMORANDUM AND ORDER

Ricardo Balagues, proceeding pro se, filed this lawsuit against defendant CHWC, Inc. relating to federal grant funds to fix his house. He alleges that defendant, who is funded by federal grants, discriminated against him because of his low income and his age. The magistrate judge issued to plaintiff an Order to Show Cause (doc. #8) why this case should not be dismissed for failure to state a claim or for lack of subject matter jurisdiction. Plaintiff filed two responses to the court's order to show cause (docs. #10 & #11). After careful consideration, the court concludes that plaintiff's complaint must be dismissed for lack of jurisdiction.

Federal courts are courts of limited jurisdiction, meaning they possess only that power authorized by the Constitution and by statute. *Mires v. United States*, 466 F.3d 1208, 1211 (10th Cir. 2006). Diversity jurisdiction does not exist in this case because plaintiff alleges that all of the parties are citizens of the state of Kansas. Thus, the only conceivable basis for

subject matter jurisdiction is the presence of a federal question. A plaintiff creates federal question jurisdiction by means of a well-pleaded complaint which establishes either that federal law creates the cause of action or that the plaintiff's right to relief depends on resolution of a substantial question of federal law. *Empire Healthchoice Assurance, Inc. v. McVeigh*, 126 S. Ct. 2121, 2131 (2006); *Sac & Fox Nation v. Cuomo*, 193 F.3d 1162, 1165 (10th Cir. 1999). "Because the jurisdiction of federal courts is limited, there is a presumption against our jurisdiction, and the party invoking federal jurisdiction bears the burden of proof." *Merida Delgado v. Gonzales*, 428 F.3d 916, 919 (10th Cir. 2005) (quotation omitted). "The complaint must identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law." *Sac & Fox Nation*, 192 F.3d at 1165 (quotation omitted).

In this case, as noted by the magistrate judge, plaintiff does not allege a constitutional or federal statutory basis for his claim. Plaintiff's responses to the magistrate judge's order to show cause do not shed any light on this issue. Although the court is mindful of the obligation generally to construe plaintiff's complaint liberally given his status as a pro se litigant, where jurisdiction is at issue it "must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Id.* at 1168 (quotation omitted). The mere allegation that the defendant is a federal funding recipient is insufficient. *Id.* at 1166 (noting the fact that federal funds are involved is, by itself, insufficient to establish the existence of a federal question). Also, although plaintiff generally alleges that he has been discriminated against because of his low income and his

2

age, his complaint does not contain any well-pleaded facts to support those conclusory allegations. Simply put, despite notice and an opportunity to establish this court's jurisdiction, plaintiff has not met his burden of identifying the statutory or constitutional provision under which his claim arises, or of alleging sufficient facts to show that this case is one arising under federal law.

Instead of addressing the issue of jurisdiction directly, plaintiff has instead once again renewed his request for an attorney. A plaintiff is not, however, generally entitled to appointment of counsel in a civil case. *Gerramone v. Romo*, 94 F.3d 1446, 1449 (10th Cir. 1996) (where loss of physical liberty is not at issue, presumption arises against right to counsel for litigants in civil cases); *MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988) (there is no constitutional or statutory right to counsel in a civil case). Moreover, although the magistrate judge determined that plaintiff is indigent, plaintiff's application for appointment of counsel (doc. #3) does not establish that he has been unable to retain counsel despite diligent efforts to do so. Thus, appointment of counsel does not seem to be warranted particularly where, as here, plaintiff has not even made a threshold showing of this court's jurisdiction.

**IT IS THEREFORE ORDERED BY THE COURT** that this case is dismissed for lack of jurisdiction.

**IT IS FURTHER ORDERED THAT** plaintiff's Application for Appointment of Counsel (doc. #3) and Motion (doc. #6), as well as Defendant's Motion to Dismiss, or in the Alternative, for More Definite Statement (doc. #12) are denied as moot.

**IT IS SO ORDERED** this 10th day of January, 2007.

                                           s/ John W. Lungstrum
                                           John W. Lungstrum
                                           United States District Judge